UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FLOR JIMENEZ,<br><br>         Plaintiff,<br><br>    v.<br><br>HYATT CORPORATION,<br><br>         Defendant. | Case No. 2:23-cv-03028-TLN-CSK<br><br>ORDER RE: PLAINTIFF'S SUPPLEMENTAL BRIEF OPPOSING DEFENDANT'S MOTION FOR SANCTIONS<br><br>(ECF Nos. 44, 49) |

      Defendant Hyatt Corporation has moved for terminating sanctions based on Plaintiff Flor Jimenez's alleged willful destruction of evidence or failure to preserve evidence. Def. Sanctions Mot. (ECF No. 34). The Court has reviewed the parties' supplemental filings related to Defendant's motion for sanctions, which the Court ordered on June 20, 2025 at the hearing on Defendant's motion. (ECF Nos. 43, 44, 47, 49, 52.) In Plaintiff's opposition to Defendant's motion for sanctions, Plaintiff made arguments including that "Hyatt attempts to impute a litigation hold obligation on Ms. Jimenez as of May 2023—months before suit was filed. Yet there is no evidence Ms. Jimenez intended to sue Hyatt at that time; Hyatt's claim otherwise is based on pure speculation." Pl. Opp. at 7 (ECF No. 38). Plaintiff repeated this argument at the June 20, 2025 hearing.

      At the hearing, the Court ordered, among other items, Plaintiff to file a

1

supplemental brief "identify[ing] when and what litigation hold instructions related to this action Plaintiff was provided." (ECF No. 44.) Though Plaintiff timely filed her supplemental brief, it is deficient because Plaintiff did not identify when and what litigation hold instructions related to this action Plaintiff was provided. *See* Pl. Supp. Br. at 3 (ECF No. 49). Instead, Plaintiff states the following: "Without waiving the attorney-client privilege, Ms. Jimenez understood she had preservation obligations in 2023. She was unaware of any browser deletion settings and did not clear her browsing history. She only learned of the automatic browser deletion setting when she searched for responsive documents. She was also reminded of her evidence preservation obligations on June 26, 2024." *Id*. The Court is concerned by Plaintiff's failure to comply with the Court's order, and what appears to be an evasive response. *See* E.D. Cal. L.R. 110 ("Failure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court."). The Court will provide Plaintiff with one final opportunity to comply with its order.

By close of business July 11, 2025, Plaintiff is ordered to file a further supplemental brief providing the litigation hold information previously ordered by the Court—Plaintiff must identify when and what litigation hold instructions related to this action Plaintiff was provided. This information is needed for the Court's resolution of Defendant's motion for terminating sanctions based on Plaintiff's alleged willful destruction of evidence or failure to preserve evidence. To the extent Plaintiff asserts the attorney-client privilege regarding litigation hold-related documents, Plaintiff bears the burden of establishing the privilege and should be prepared to submit any such documents for an in-camera review.

Regarding the trip Plaintiff took to Los Angeles following her October 29, 2023 Hyatt website visit, in her supplemental brief, Plaintiff identified three (3) steps she took to search for documents related to this trip. Pl. Supp. Br. at 2. Plaintiff is also ordered to include within her further supplemental brief when each step was taken, whether and

2

when any documents were located, and whether and when any documents were produced to Defendant.

Plaintiff's further supplemental brief must be accompanied by signed and sworn declarations from both Plaintiff <u>and</u> Plaintiff's counsel as to the information provided in Plaintiff's supplemental brief (ECF No. 49) and Plaintiff's further supplemental brief.

## CONCLUSION

In conclusion, IT IS HEREBY ORDERED that:

1. By close of business July 11, 2025, Plaintiff is ordered to file a further supplemental brief providing the litigation hold information previously ordered by the Court, and the information outlined above regarding the trip Plaintiff took to Los Angeles following her October 29, 2023 Hyatt website visit; and

2. Plaintiff's further supplemental brief must be accompanied by signed and sworn declarations from both Plaintiff <u>and</u> Plaintiff's counsel as to the information provided in Plaintiff's supplemental brief (ECF No. 49) and Plaintiff's further supplemental brief.

Dated: July 8, 2025

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

csk/jime3028.23