UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FLOR JIMENEZ,<br><br>        Plaintiff,<br><br>    v.<br><br>HYATT CORPORATION,<br><br>        Defendant. | Case No. 2:23-cv-03028-TLN-CSK<br><br>ORDER ON PLAINTIFF'S MOTION TO COMPEL<br><br>(ECF No. 36) |

Pending before the Court is Plaintiff Flor Jimenez's motion to compel Defendant Hyatt Corporation to further respond to Plaintiff's Requests for Production ("RFP"), Set One, and Plaintiff's Interrogatories, Set One.[1] (ECF No. 36.) A hearing was held on June 20, 2025. (ECF No. 43.) Jesenia Martinez appeared as counsel for Plaintiff, and Nathan Chapman and Jonathan Marvisi appeared as counsel for Defendant. (*Id.*) At the June 20, 2025 hearing, the Court granted in part and denied in part a portion of Plaintiff's motion to compel, and ordered Plaintiff to file a supplemental brief to address the remaining discovery requests in dispute (RFP Nos. 7-16, 18-19, and 21-24). (ECF No. 45.) For the reasons that follow, the Court GRANTS IN PART and DENIES IN PART Plaintiff's motion to compel.

---

[1] This matter proceeds before the undersigned pursuant to 28 U.S.C. § 636, Fed. R. Civ. P. 72, and Local Rule 302(c).

1

## I.     LEGAL STANDARDS

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case[.]" Fed. R. Civ. P. 26(b)(1). Proportionality turns on "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." *Id.* "[B]road discretion is vested in the trial court to permit or deny discovery...." *Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002).

A party may serve requests to inspect, copy, test, or sample the following in the responding party's possession, custody, or control: "(A) any designated documents or electronically stored information—including writings, drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilations—stored in any medium from which information can be obtained either directly or, if necessary, after translation by the responding party into a reasonably usable form" or "(B) any designated tangible things." Fed. R. Civ. P. 34(a)(1)(A)-(B). A requesting party is entitled to inspect items within a responding party's possession, custody, or control, regardless of whether the requesting party possesses the same documents. Fed. R. Civ. P. 34(a). The responding party must respond in writing within thirty (30) days, unless otherwise agreed upon or ordered, after being served. Fed. R. Civ. P. 34(b)(2). A party must produce relevant, non-privileged documents in its "possession, custody, or control." Fed. R. Civ. P. 34(a)(1). If a responding party objects, the objection "must state whether any responsive materials are being withheld on the basis of that objection[, and] an objection to part of a request must specify the part and permit inspection of the rest." Fed. R. Civ. P. 34(b)(2)(C).

A party may move to compel discovery if the movant has in good faith conferred with the party opposing discovery to obtain the requested discovery without the court's intervention. *See* Fed. R. Civ. P. 37(a)(1). The moving party bears the burden to "inform

2

the Court which discovery requests are the subject of the motion to compel, and, for each disputed response, why the information sought is relevant and why the responding party's objections are not meritorious." *Adams v. Yates*, 2013 WL 5924983, at *1 (E.D. Cal. Nov. 1, 2013). Local Rule 251 governs motions to compel and requires the parties to confer and attempt to resolve their discovery differences.

## II.     DISCUSSION

Plaintiff seeks to compel Defendant's further respond to Plaintiff's RFP Nos. 2-35 and 38-50, and to Plaintiff's Interrogatories 2-7, 10, 11, 14, 16, 18, and 25-27. Pl. Mot. Plaintiff does not challenge Defendant's responses to Plaintiff's RFP Nos. 1, 36, and 37; or Defendant's responses to Plaintiff's Interrogatories 1, 13, 15, 17, and 19-23. *Id*.

In this putative class action case, discovery has been bifurcated with "[a]ll discovery in Phase I shall be limited to facts that are relevant to whether this action should be certified as a class action." 4/29/2024 Am. Sched. Order (ECF No. 16). Certification-related discovery is different than merits discovery, though there may be some overlap. Here, Plaintiff has the burden and must make a prima facie showing that the discovery requested is likely to substantiate class allegations. *See Perez v. Safelite Grp. Inc.*, 553 F. App'x 667, 668 (9th Cir. 2014), *as amended on denial of reh'g and reh'g en banc* (Mar. 7, 2014).

### A.     RFP Nos. 2-6, 17, 20, 25-35, 38-50 and Interrogatories 2-12, 14, 16, 18, and 24-27

At the June 20, 2025 hearing, for the reasons stated on the record, the Court granted in part and denied in part Plaintiff's motion to compel. The Court issued the following order, as modified in its written minute order as indicated by an asterisk (*):

(1) Mobile App- DENIED as to all of Plaintiff's RFPs and Interrogatories related to Defendant's mobile app where the Complaint does not challenge Defendant's mobile app.

(2) RFP Nos. 2 and 3- Where Defendant has proposed searching for and producing responsive WCAG compliance-related documents, Defendant shall produce and supplement its responses by close of business 7/7/2025, responsive documents from January 1, 2022 to December 31, 2024* that relate to Defendant's website as to its California-related webpages. The Court is not making a finding as to whether this request is related to class certification.

(3) RFP Nos. 4-6, 17, 20, 26-29, 32-35, 38-50:  DENIED.

(4) RFP Nos. 7-16, 18-19, 21-24: By close of business 6/27/2025, Plaintiff to file a supplemental brief to address whether Plaintiff encountered the barriers identified in these RFPs when she visited Defendant's website on 5/15/2023 and/or on 10/29/2023.

(5) RFP No. 25:  GRANTED IN PART.  Defendant shall produce and supplement its response by close of business 7/7/2025 as to website accessibility plans for visually impaired individuals from January 1, 2022 to December 31, 2024* that relate to Defendant's website as to its California-related webpages.

(6) RFP No. 30:  GRANTED IN PART.  Defendant shall produce and supplement its response by close of business 7/7/2025 as to visitors who accessed Defendant's website as to its California-related webpages with a screen reader from January 1, 2022 to December 31, 2024.*

(7) RFP No. 31:  DENIED AS MOOT based on Defendant's representation that all responsive documents have been produced. If Defendant has not already supplemented its response to indicate that all responsive documents have been produced, Defendant is ordered to do so.*

(8) Interrogatory Nos. 8, 9, 12 & 24:  Defendant provided supplemental responses that relevant, non-privileged documents will be produced, but Defendant stated at the hearing that its production was not complete. Defendant is ordered to complete its production and supplement its responses by close of business 7/7/2025.

4

(9)   Interrogatory Nos. 2-7, 10, 11, 14, 16, 18, and 25-27:  DENIED.

(ECF Nos. 43, 45.) Plaintiff filed the supplemental brief ordered as to the remaining RFPs in dispute (RFP Nos. 7-16, 18-19, and 21-24). Pl. Suppl. Brief (ECF No. 50).

**B.     RFP Nos. 7, 13, 18, and 22**

The Court GRANTS in part Plaintiff's motion to compel as to RFP Nos. 7, 13, 18, and 22, which Plaintiff confirmed represent barriers that Plaintiff encountered on May 15, 2023 and/or October 29, 2023 when she visited Defendant's website. *See* Pl. Suppl. Brief. By close of business July 22, 2025, Defendant shall produce and supplement its responses, producing responsive documents from January 1, 2022 to December 31, 2024 that relate to Defendant's website as to its California-related webpages. If Defendant continues to assert objections based on privilege or trade secret in its supplemental responses, Defendant's objections must be asserted with specificity. *See* Def. Responses to Pl. RFPs (ECF No. 42-4). Defendant's current privilege and trade secret objections appear to be boilerplate objections.

**C.     RFP Nos. 8, 9, 15, 16, 19, and 21**

The Court DENIES Plaintiff's motion to compel as to RFP Nos. 8, 9, 15, 16, 19, and 21.  Plaintiff has not met her burden to make a prima facie showing that RFP Nos. 8, 9, 15, 16, 19, and 21 are related to class certification. *See Perez*, 553 F. App'x at 668. Plaintiff has indicated that she lacks information as to whether she encountered the issues raised in RFP Nos. 8, 9, 15, 16, 19, and 21. *See* Pl. Suppl. Brief at 2. In addition, these RFPs appear to go to the merits.

**D.     RFP No. 10**

The Court DENIES Plaintiff's motion to compel as to RFP No. 10. This request is overly broad and goes beyond the accessibility barriers Plaintiff actually encountered on May 15, 2023 or October 29, 2023. For example, Plaintiff has conceded that she did not encounter various barriers (e.g., RFP Nos. 11, 12, 20).

/ / /

### E. RFP Nos. 11 and 12

The Court DENIES Plaintiff's motion to compel as to RFP Nos. 11 and 12 as irrelevant and not related to class certification. Plaintiff has conceded that she did not encounter these accessibility barriers. *See* Pl. Suppl. Brief at 2.

### F. RFP Nos. 14 and 23

The Court DENIES Plaintiff's motion to compel as to RFP Nos. 14 and 23. Plaintiff has not met her burden to make a prima facie showing that RFP Nos. 14 and 23 are related to class certification. *See Perez*, 553 F. App'x at 668.

### G. RFP No. 24

The Court DENIES Plaintiff's motion to compel as to RFP No. 24. This request is overbroad and duplicative of RFP No. 7.

## III. CONCLUSION

In conclusion, IT IS HEREBY ORDERED that:

The Court GRANTS in part Plaintiff's motion to compel as to RFP Nos. 7, 13, 18, and 22. By close of business July 22, 2025, Defendant shall produce and supplement its responses, producing responsive documents from January 1, 2022 to December 31, 2024 that relate to Defendant's website as to its California-related webpages.

Dated: July 8, 2025

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

4, jime3028.25