UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FLOR JIMENEZ,<br><br>            Plaintiff,<br><br>     v.<br><br>HYATT CORPORATION,<br><br>            Defendant. | Case No. 2:23-cv-03028-TLN-CSK<br><br>ORDER RE: DEFENDANT'S MOTION FOR SANCTIONS<br><br>(ECF No. 34) |

Defendant Hyatt Corporation has moved for terminating sanctions based on Plaintiff Flor Jimenez's alleged willful destruction of evidence or failure to preserve evidence. Def. Sanctions Mot. (ECF No. 34). A hearing was held on June 20, 2025, where attorney Jessenia Martinez appeared for Plaintiff and attorneys Nathan Chapman and Jonathan Marvisi appeared for Defendant. At the hearing and on July 8, 2025, the Court ordered the parties to submit supplemental briefing and documents, including certain documents in camera, which the parties submitted. (ECF Nos. 44, 47, 49, 52, 54, 56, and 57.) Briefing is now complete.

For the reasons that follow, the Court GRANTS IN PART AND DENIES IN PART Defendant's motion for sanctions.

/ / /

/ / /

## I. BACKGROUND

Plaintiff, a visually impaired and legally blind individual, brings a putative class action against Defendant challenging the accessibility of Defendant's website to visually impaired and blind individuals. *See* Compl. (ECF No. 1). Plaintiff brings two claims alleging violations of: (1) the Americans with Disabilities Act (ADA), 42 U.S.C. § 12101, et seq.; and (2) the Unruh Civil Rights Act, Cal. Civil Code § 51, et seq. *See id*. Plaintiff alleges that she visited Defendant's website using screen reading software "to make hotel reservations for a trip she was planning." *Id*. ¶ 28. When visiting Defendant's website, Plaintiff alleges she encountered "multiple access barriers which denied Plaintiff full and equal access to the facilities, goods, and services offered." *Id*. ¶ 29. This has allegedly resulted in denying Plaintiff the ability to search for and book a hotel room using Defendant's website. Compl. ¶ 30. Plaintiff alleges Defendant's website is not properly coded to work with screen reading software. *Id*. ¶¶ 29-31. Plaintiff further alleges that these barriers deter Plaintiff and class members from visiting Defendant's physical locations. *Id*. ¶ 4. Plaintiff visited Defendant's website on two occasions: on May 15, 2023, to book a hotel room in San Diego for a trip with her then-boyfriend; and on October 29, 2023 to book a hotel room in Los Angeles for a trip for her birthday. Pl. Opp. at 2, 3 (ECF No. 38).

The district court has bifurcated discovery into phases where "[a]ll discovery in Phase I shall be limited to facts that are relevant to whether this action should be certified as a class action." 4/29/2024 Am. Sched. Order (ECF No. 16). The deadline for class certification-related discovery has been extended multiple times at the request of the parties, and is currently set to close on September 26, 2025. 7/21/2025 Order (ECF No. 59). The deadline for Plaintiff's motion for class certification is January 16, 2026. *Id*.

On May 27, 2025, Defendant filed the pending motion for sanctions. A hearing was held on June 20, 2025, and supplemental briefing and documents were ordered. As of July 11, 2025, briefing is complete and the matter was submitted.

/ / /

## II. DISCUSSION

### A. Legal Standards

Spoliation of evidence is the "destruction or significant alteration of evidence, or the failure to preserve property for another's use as evidence, in pending or future litigation." *Kearney v. Foley & Lardner, LLP*, 590 F.3d 638, 649 (9th Cir. 2009) (citation omitted). Federal Rule of Civil Procedure 37 authorizes the Court to issue sanctions for spoliation of electronically stored information ("ESI"). Fed. R. Civ. P. 37(e). In order to determine whether sanctions should be awarded, the court must first determine whether spoliation occurred. *Akkawi v. Sadr*, 2023 WL 6541869, at *1 (E.D. Cal. Oct. 6, 2023). As an initial matter, the party seeking spoliation must demonstrate that the evidence actually existed and was not preserved. *Tate v. Nakashyan*, 2024 WL 4931406, at *4 (E.D. Cal. Dec. 2, 2024).

Courts then consider the following factors to determine whether spoliation occurred: (1) the relevant ESI "should have been preserved" in anticipation of litigation; (2) the ESI is "lost because a party failed to take reasonable steps to preserve it"; and (3) the ESI "cannot be restored or replaced through additional discovery." Fed. R. Civ. P. 37(e); *see Deerpoint Group, Inc. v. Agrigenix, LLC*, 2022 WL 16551632, at *11 (E.D. Cal. Oct. 31, 2022). It is the moving party's burden to demonstrate that spoliation occurred by showing that the non-moving party failed to preserve or destroyed documents that they had notice were relevant to litigation before destruction. *Deerpoint*, 2022 WL 16551632 at *11; *Ryan v. Editions Ltd. West, Inc.*, 786 F.3d 754, 766 (9th Cir. 2015).

"There are two sources of authority under which a district court can sanction a party who has despoiled evidence: the inherent power of federal courts to levy sanctions in response to abusive litigation practices, and the availability of sanctions under Rule 37 against a party who 'fails to obey an order to provide or permit discovery.'" *Leon v. IDX Sys. Corp.*, 464 F.3d 951, 958 (9th Cir. 2006) (citing *Fjelstad v. Am. Honda Motor Co.*, 762 F.2d 1334, 1337 (9th Cir.1985); Fed. R. Civ. P. 37(b)(2)(C)). Here, the Court issues its sanction based on its inherent authority as Plaintiff's conduct was not in violation of a

discovery order under Rule 37.

Terminating or dismissal sanctions may be granted when "a party has engaged deliberately in deceptive practices that undermine the integrity of judicial proceedings because courts have inherent power to dismiss an action when a party has willfully deceived the court and engaged in conduct utterly inconsistent with the orderly administration of justice." *Leon*, 464 F.3d at 958 (quoting *Anheuser-Busch, Inc. v. Natural Beverage Distribs.*, 69 F.3d 337, 348 (9th Cir. 1995)) (internal quotation marks omitted). Courts consider the following factors in determining whether to issue dismissal sanctions: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its dockets; (3) the risk of prejudice to the party seeking sanctions; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Id*. (quoting *Anheuser-Busch*, 69 F.3d at 348).

**B.     Analysis**

Defendant argues terminating sanctions are warranted because Plaintiff willfully destroyed or failed to preserve "critical, case dispositive evidence stored on the computer she used to access Hyatt's website, including, for example, data reflecting the URL addresses of the specific webpages she visited, emails purportedly relating to her intent to visit Hyatt's hotels, and her IP address and related computer data that is directly at issue in this case." Def. Mot. at 1 (ECF No. 34). Due to Plaintiff's destruction or failure to preserve, Defendant contends it cannot determine which webpages Plaintiff allegedly visited where she encountered the accessibility barriers she challenges in this lawsuit, prejudicing Defendant in its ability to defend itself.

Plaintiff argues that she did not willfully destroy any evidence, and the deletion of her browser history was due to her computer's automatic deletion of browser history. Pl. Opp. at 7-9. As for her deleted emails, Plaintiff argues that this was the result of her regular practice to delete emails to have a "clean email inbox" due to using adaptive technology. In addition, Plaintiff contends that her browser history and emails are not relevant. Plaintiff further argues that regardless, she did not have any preservation

obligations in May 2023 and October 2023 when she visited the Hyatt website because she did not anticipate litigation at those times.

The Court first addresses Plaintiff's preservation obligation and evidence submitted by the parties before turning to spoliation.

### 1. Preservation Obligation

In discovery, on January 24, 2025, Plaintiff produced a privilege log to Defendant, identifying five (5) documents withheld as "Confidential Client Communication Concerning Pending Litigation": (1) an e-mail dated May 15, 2023 from Plaintiff to Plaintiff's counsel's paralegal; (2) an attachment to Plaintiff's May 15, 2023 e-mail; (3) an October 29, 2023 attachment to Plaintiff's October 30, 2023 e-mail; (4) an e-mail dated October 30, 2023 from Plaintiff to Plaintiff's counsel's legal assistant; and (5) an e-mail dated October 30, 2023 from Plaintiff's counsel's legal assistant to Plaintiff. Jonathan D. Marvisi Decl., Exh. G (ECF No. 34-1 at 374).

Plaintiff visited Hyatt's website on only two occasions: May 15, 2023 and October 29, 2023. Despite claiming privilege as to "Confidential Client Communication[s] Concerning Pending Litigation" on these same two dates that Plaintiff visited Hyatt's website, and on October 30, 2023, Plaintiff makes a contradictory and inconsistent argument in her opposition to sanctions.

In her opposition, filed over four months after Plaintiff served her privilege log, Plaintiff argues that she had no preservation obligation in May and October 2023 because litigation was not anticipated: "Hyatt attempts to impute a litigation hold obligation on Ms. Jimenez as of May 2023—months before suit was filed. Yet there is no evidence Ms. Jimenez intended to sue Hyatt at that time; Hyatt's claim otherwise is based on pure speculation." Pl. Opp. at 7. Plaintiff also argued, "Ms. Jimenez had no litigation hold obligation when she was making those travel plans in May and October 2023." *Id*. at 9. Plaintiff repeated this argument at the June 20, 2025 hearing.

Whether Plaintiff had a preservation obligation in May and October 2023 affects the determination of whether there was any spoliation because if Plaintiff had no

preservation obligation in May and October 2023, the deletion of her browser history and emails during those time periods would not constitute spoliation. To properly assess Plaintiff's arguments that she had no litigation hold obligation in May 2023 and October 2023, which is contradicted by her own privilege log, the Court ordered Plaintiff to submit the five documents identified on her privilege log to the Court for in-camera review. (ECF No. 44.)

The Court reviewed the May 2023 and October 2023 documents on Plaintiff's privilege log in-camera. Based on the in-camera review, the Court concludes that Plaintiff's preservation duty began on at least May 15, 2023 because Plaintiff anticipated litigation on May 15, 2023 when she contacted her counsel by e-mail.[1] *See* Marvisi Decl., Exh. G; *Realnetworks, Inc. v. DVD Copy Control Ass'n, Inc.*, 264 F.R.D. 517, 523-24 (N.D. Cal. 2009) ("As soon as a potential claim is identified, a litigant is under a duty to preserve evidence which it knows or reasonably should know is relevant to the action."). Any arguments to the contrary are meritless. *See also* Fed. R. Civ. P. 11(b). The Court notes that the in-camera review was required only because Plaintiff argued that she had no preservation obligation in May and October 2023, while also claiming privilege over her May and October 2023 communications "Concerning Pending Litigation."

### 2. Evidence Submitted

Defendant requests that the Court take judicial notice of 37 complaints filed by Plaintiff in the Eastern (31), Northern (3), and Central (3) Districts of California. *See* Def. Am. Request for Judicial Notice (RJN) (ECF No. 47). Of the 37 complaints filed by Plaintiff, the first complaint was filed in May 2021 and the last one was filed in December 2023. *See id.* Like this current action, the other 37 complaints filed by Plaintiff challenge a defendant hotel's website accessibility under the ADA and Unruh Act. "The court may

---

[1] Plaintiff disclosed the sender, recipient, date, and document description in her privilege log. Marvisi Decl., Exh. G. The Court has not disclosed the content of the communications reviewed in camera and notes that Defendant does not argue waiver.

judicially notice a fact that is not subject to reasonable dispute because it ... can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(c). In the Ninth Circuit, "court filings and other matters of public record" are sources whose accuracy cannot reasonably be questioned for the purposes of Rule 201 of the Federal Rules of Evidence. *Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006). The Court grants Defendant's request for judicial notice. *See id.*; Fed. R. Evid. 201.

Defendant argues that Plaintiff provided false testimony in her deposition regarding her intent in using Hyatt's website (to visit her then-boyfriend who lived in Los Angeles, and travel with him to San Diego). *See* Def. 7/8/2025 Supp. Br. at 3-4 (ECF No. 56) & Julio Morones Decl. (ECF No. 56-3). While this argument is relevant to a determination of whether Plaintiff can prove her Unruh Act claim given California's requirement that a plaintiff have a bona fide intent to use the business's services, *see Arroyo v. Golbahar*, 2023 WL 2064588, at *1 (9th Cir. Feb. 17, 2023) (examining *Thurston v. Omni Hotels Management Corp.*, 284 Cal. Rptr. 3d 341, 349, 69 Cal. App. 5th 299, 307 (Ct. App. 2021), review denied (Dec. 22, 2021) (blind plaintiff using screen reading technology must prove her bona fide intent to book a hotel room to prevail on her Unruh Act claim in website accessibility claim against defendant hotel), it is not relevant to the issues presented in the pending motion. The Court therefore declines to consider this argument and evidence submitted by Defendant in its supplemental brief in the Court's determination of the pending sanctions motion.

3.      Spoliation

There are three categories of evidence at issue:  Plaintiff's internet browser history,[2] "emails purportedly relating to [Plaintiff's] intent to visit Hyatt's hotels," and Plaintiff's "IP address and related computer data that is directly at issue in this case." Def. Mot. at 1.

---

[2]  The phrase "internet browser history" used by the parties is understood to include a user's internet activity such as websites visited.

Defendant must first demonstrate that the evidence at issue actually existed and was not preserved. *See Tate*, 2024 WL 4931406, at *4. First, as to Plaintiff's internet browser history, there is no dispute that this evidence actually existed. Plaintiff has represented that her browser history was not preserved due to automatic browser history deletion on her computer. Second, as to Plaintiff's emails, this evidence actually existed and was deleted where Plaintiff testified that she received an electronic ticket for the trip she took in 2023 related to her use of the Hyatt website but that she "deleted all those emails." Pl. 3/19/2025 Depo 63:20-66:25 (ECF No. 34-1 at 399-401). Third, as to Plaintiff's IP address(es), there is no dispute that this evidence actually existed and that Plaintiff did not take any steps to preserve this evidence.

Defendant has met its burden to show that Plaintiff failed to preserve or destroyed electronic evidence that she had notice was relevant to litigation before destruction. *See Deerpoint*, 2022 WL 16551632 at *11; *Ryan*, 786 F.3d at 766. As described above, Plaintiff's preservation obligation began on at least May 15, 2023. Plaintiff's actions establish that she was on notice that this evidence was relevant because she "took screenshots of her browsing history on both May 15, 2023, and October 29, 2023." Pl. Opp. at 3. In addition to these actions, Plaintiff was also on notice that this evidence was relevant because she has been filing federal lawsuits challenging website accessibility since at least May 2021. *See* Def. Am. RJN. The Court makes clear that this is not an adverse credibility finding, but a fact the Court considers in its assessment of whether Plaintiff had notice that this evidence was relevant to litigation.

The Court next considers the following factors to determine whether spoliation occurred: (1) the relevant ESI "should have been preserved" in anticipation of litigation; (2) the ESI is "lost because a party failed to take reasonable steps to preserve it"; and (3) the ESI "cannot be restored or replaced through additional discovery." Fed. R. Civ. P. 37(e); *see Deerpoint Group*, 2022 WL 16551632, at *11. At the June 20, 2025 hearing, the Court raised the issue as to whether the information could be restored or retrieved through a forensic examination of Plaintiff's computer, router, or other equipment used

by Plaintiff to visit Hyatt's website in May and October 2023. Defendant filed supplemental briefs to address this issue. (ECF Nos. 44, 52, 53, 56.)

As to Plaintiff's internet browser history, this information should have been preserved. Plaintiff's claims, as an individual and on behalf of a putative class, are based on her access of Defendant Hyatt's website and allegations of website accessibility for visually impaired or blind individuals using screen reading software. *See* Compl. In its supplemental brief, Defendant indicates that a forensic examination of Plaintiff's computer may be able to recover Plaintiff's internet browser history, though it is unknown whether recovery will be successful. *See* Def. 7/8/2025 Supp. Br. at 1-2 (ECF No. 56). Plaintiff has also confirmed that she is the sole owner of her personal computer and its primary user. Pl. 6/27/2025 Supp. Br. (ECF No. 49).

The Court declines to decide whether Plaintiff's conduct was willful because less drastic sanctions than dismissal are available. *See Leon*, 464 F.3d at 958. The Court therefore orders Plaintiff to submit her personal computer that was used on May 15, 2023 and October 29, 2023 to access Hyatt's website to Defendant for a forensic examination as outlined in Defendant's July 8, 2025 Supplemental Brief and July 8, 2025 John Jorgensen Declaration (ECF No. 56-1). Plaintiff must provide her personal computer to Defendant within seven (7) days of this order. Plaintiff's counsel is instructed to coordinate with Defendant's counsel to ensure proper procedures (e.g., chain of custody, etc.) are followed. The Court further orders Plaintiff to pay for the forensic examination of her computer, which is required due to Plaintiff's failure to preserve her internet browser history.

As to Plaintiff's emails, this information should have been preserved because records related to Plaintiff's trips she claims she was planning when she visited Hyatt's website—to San Diego with her then-boyfriend and to Los Angeles for her birthday—are relevant to her Unruh Act claim. *See* Pl. Opp. at 2, 3. As Plaintiff is aware, for her Unruh Act claim to survive, she must satisfy California's requirement that she prove her bona fide intent to use Hyatt's services. *See Arroyo*, 2023 WL 2064588, at *1; *Thurston*, 69

Cal. App. 5th at 307. Plaintiff deleted her emails, which included electronic tickets for her travel. Defendant indicated that the forensic examination of Plaintiff's computer could not restore Plaintiff's deleted emails. *See* Def. 7/8/2025 Supp. Br. (ECF No. 56). Plaintiff's supplemental filings indicate that she was not able to locate records related to the trip Plaintiff alleges she took after visiting Hyatt's website from other sources, including her travel-related accounts such as Expedia and Southwest Airlines (her preferred airline), and her bank statements. Pl. 6/27/2025 Supp. Br. (ECF No. 49); Pl. 7/11/2025 Supp. Br. (ECF No. 57). Accepting Plaintiff's representations as true regarding her efforts to obtain her trip-related records from other sources, the Court concludes that the records related to Plaintiff's trip cannot be restored or obtained through additional discovery.

Though sanctions are warranted for spoliation of Plaintiff's emails related to her bona fide intent to use Hyatt's website to book hotel rooms, the Court declines to decide whether Plaintiff's conduct was willful and terminating sanctions are not warranted based on the information currently before the Court on the pending motion. The Court further declines to impose sanctions as to the emails at this time given the early stage of this action, which is still in Phase I class certification discovery and before any class certification motion has been filed. Defendant is not without recourse given the early stage of this action. Defendant may also renew its motion for sanctions at the appropriate time if it is able to identify less drastic sanctions tailored to the spoliation at issue (e.g., a request to preclude introduction of evidence that Plaintiff took a trip after visiting Hyatt's website, a request for admission of certain Requests for Admission, etc.).

As to Plaintiff's IP address(es), it is unclear whether this information may be retrievable. In response to the Court's order for supplemental briefing, Plaintiff indicated that she contacted her internet service provider to obtain her IP address on May 15, 2023 and October 29, 2023; was told that her IP address is dynamic; and "could obtain her current IP address but could not confirm whether it was the same as on the dates she visited Hyatt's website." Pl. 6/27/2025 Supp. Br. (ECF No. 49). In its supplemental brief, Defendant did not address whether Plaintiff's IP address(es) could be recovered or

address conducting a forensic examination of Plaintiff's router. *See* Def. 7/8/2025 Supp. Br. It is also unclear whether this information may be retrieved through discovery from other sources. The Court therefore concludes that Defendant has not carried its burden as to its spoliation claim regarding Plaintiff's IP address(es).

### III.    CONCLUSION

In conclusion, IT IS HEREBY ORDERED that:

1. Defendant's request for judicial notice (ECF No. 47) is GRANTED;
2. Defendant's motion for sanctions (ECF No. 34) is GRANTED IN PART AND DENIED IN PART;
3. Within seven (7) days of this order, Plaintiff must submit her personal computer that was used on May 15, 2023 and October 29, 2023 to access Defendant Hyatt's website to Defendant for a forensic examination, and Plaintiff's counsel is instructed to coordinate with Defendant's counsel to ensure proper procedures (e.g., chain of custody, etc.) are followed; and
4. Plaintiff must pay for the forensic examination of her computer.

Dated:  August 1, 2025

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

csk/jime3028.23_sanc