UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FLOR JIMENEZ,<br><br>    Plaintiff,<br><br>    v.<br><br>HYATT CORPORATION,<br><br>    Defendant. | Case No. 2:23-cv-03028-TLN-CSK<br><br>ORDER RE: DISCOVERY DISPUTE<br><br>(ECF No. 34) |

An informal telephonic discovery conference was held on August 20, 2025 regarding the discovery dispute raised in the parties' joint letter brief (ECF Nos. 61, 62). Attorneys Thiago Merlini Coelho, Jessenia Martinez, and Lauren Lendzion appeared for Plaintiff Flor Jimenez, and attorney Jonathan Marvisi appeared for Defendant Hyatt Corporation. The parties agreed to abide by the Court's rulings in the discovery conference, which are summarized here.

**A.    Jorgensen Declaration and Plaintiff's Motion to Strike**

To hear the discovery dispute as quickly as possible to aid the parties, the Court made an exception to its requirement that parties file joint letter briefs at least 48 hours before a discovery conference and ordered the parties to file their joint letter brief by

1

12:00 p.m. on August 19, 2025 for an August 20, 2025 discovery conference scheduled for 3:00 p.m. (ECF No. 61). As ruled during the discovery conference, the Court declines to consider the following late-filed documents: the John Jorgensen Declaration filed by Defendant at 4:58 p.m. on August 19, 2025 (ECF No. 63) and Plaintiff's motion to strike the Jorgensen Declaration filed by Plaintiff at 8:46 p.m. on August 19, 2025 and noticed for the August 20, 2025 discovery conference (ECF No. 64).

The Court **STRIKES** the August 19, 2025 Jorgensen Declaration (ECF No. 63) and ordered it removed from the docket. (ECF No. 65.) The Court noted that Exhibit D to this declaration should not have been filed. Defendant did not object to striking the declaration, apologized for filing it, and explained that it filed the declaration to primarily communicate that no emails were searched and to describe the files imaged. *See* 8/19/2025 Joint Ltr at 2 (ECF No. 62) ("Mr. Jorgensen is in the process of preparing a table of contents detailing the files imaged from Plaintiff's computer. His affidavit, which will set forth the scope of his examination and his findings, is forthcoming.").

In addition, Plaintiff's motion to strike (ECF No. 64) was not filed according to the Local Rules and is therefore **DENIED WITHOUT PREJUDICE and DENIED AS MOOT** where the Court has sua sponte stricken the declaration.

**B.     Discovery Dispute**

The discovery dispute raised in the joint letter brief focuses on Plaintiff's requests to exclude email searches from the forensic examination of her personal computer and to limit the forensic examination to internet browser history. 8/19/2025 Joint Ltr at 1. Plaintiff is concerned that privileged attorney-client communications may be retrieved and disclosed to Defendant.[1]

---

[1] At the discovery conference, the Court expressed its concern that this dispute suggests that Plaintiff does in fact have relevant emails on her computer, despite Plaintiff's arguments in opposing sanctions and her sworn deposition testimony that besides the emails identified on Plaintiff's privilege log, which identified only five (5) documents. *See* 8/1/2025 Order at 5 (ECF No. 60). The Court reiterated that its finding in its sanctions order that Plaintiff's emails were not recoverable was based on "[a]ccepting Plaintiff's representations as true." *See id.* at 9-10.

The Court's sanctions order made clear that it was analyzing "three categories of evidence at issue: Plaintiff's internet browser history, 'emails purportedly relating to [Plaintiff's] intent to visit Hyatt's hotels,' and Plaintiff's "IP address and related computer data that is directly at issue in this case." 8/1/2025 Order at 7 (quoting Def. Sanctions Mot. at 1). The Court then proceeded to analyze each of these three categories, ordering the forensic examination in its analysis of the internet browser history; <u>not</u> in its analysis of Plaintiff's emails, which occurs in subsequent paragraphs of the order. *See* 8/1/2025 Order at 9-10. Mr. Jorgensen's July 8, 2025 Declaration also focuses on a forensic examination to determine and recover "website internet history and activity." 7/8/2025 Jorgensen Decl. ¶ 9 (ECF No. 56-1). The fact that Mr. Jorgensen's July 8, 2025 Declaration refers to emails in the time estimate "for each phase of the forensic process" in ¶ 11(f) does not expand the forensic examination permitted to all of Plaintiff's emails. Further, ¶ 11(f) follows Mr. Jorgensen's description of the method to determine and recover "website internet history and activity" in ¶ 9 of his declaration. As the Court explained in the discovery conference, the Court's order did not authorize a full scale forensic examination of Plaintiff's computer or her emails.

As to the current discovery dispute raised, Defendant confirmed in the discovery conference that emails were not searched in its forensic examination, "[n]o emails were identified or recovered," and its forensic expert did not provide the underlying contents or files to Defendant. *See* 8/19/2025 Joint Ltr at 2. Therefore, this dispute is moot.

The parties are ordered to thoroughly meet and confer in-person, by video, or by phone to discuss their remaining discovery disputes, including their continued dispute as to what files are collected and examined in the forensic examination and other issues raised during the discovery conference (e.g., whether Plaintiff's counsel conducts an initial privilege review of files collected; thumb drives allegedly used with Plaintiff's personal computer in the days before the forensic examination; a separate forensic examination for emails, etc.), before filing any motions and to only present those issues to the Court which the parties are not able to resolve themselves after thorough meet

3

and confer efforts.² An exchange of written emails, letters, and other written communications does not satisfy the meet and confer requirement. The parties are warned that any future discovery disputes presented to the Court without a thorough meet and confer will be denied.

## C. CONCLUSION

In conclusion, IT IS HEREBY ORDERED that:

1. The August 19, 2025 Jorgensen Declaration (ECF No. 63) is STRICKEN and removed from the docket. (*See* ECF No. 65.)
2. Plaintiff's motion to strike (ECF No. 64) is DENIED WITHOUT PREJUDICE.
3. Defendant must promptly return Plaintiff's personal computer to Plaintiff. Defendant's counsel is instructed to coordinate with Plaintiff's counsel as to the return.
4. Plaintiff and Defendant are ordered to thoroughly meet and confer in-person, by video, or by phone to discuss their discovery disputes and to only present those issues to the Court which the parties could not resolve themselves.

Dated: August 21, 2025

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

csk/jime3028.23_disco

---

² For example, at the discovery conference, Defendant agreed it would not review or search for files that predate May 2023 given that Plaintiff did not access Defendant's website until May 15, 2023.

4