UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FLOR JIMENEZ,<br><br>    Plaintiff,<br><br>    v.<br><br>HYATT CORPORATION, a Delaware Corporation; and DOES 1 to 10,<br><br>    Defendants. | No. 2:23-cv-03028-TLN-CSK<br><br>**ORDER** |

This matter is before the Court on Plaintiff Flor Jimenez's Ex Parte Application for an Order Clarifying Expert Disclosure Deadlines or, Alternatively, Extending Expert Disclosure Deadlines in Accordance with the Court's Amended Pretrial Scheduling Order. (ECF No. 78.) Defendant Hyatt Corporation filed an opposition. (ECF No. 79.) For the reasons set forth below, Plaintiff's Ex Parte Application is GRANTED.

///
///
///
///
///
///
///

1

1    **I.    FACTUAL AND PROCEDURAL BACKGROUND**

2    On December 28, 2023, Plaintiff filed her Complaint alleging claims for: (1) violations of
3    the Americans with Disabilities Act of 1990 and (2) violations of the Unruh Civil Rights Act.
4    (ECF No. 1.)  On March 7, 2024, the Court entered an Initial Pretrial Scheduling Order.  (ECF
5    No. 8.)  On April 30, 2024, the Court entered an Amended Pretrial Scheduling Order ("Amended
6    Order"), which bifurcated the discovery process and limited discovery to facts that are relevant to
7    whether this action should be certified as a class action.  (ECF No. 16.)  The Amended Order
8    further required all counsel to designate, file, and serve on the parties the identities and topics of
9    their proposed affirmative class certification experts no later than sixty (60) days after the close of
10   discovery.  (*Id.* at 2.)

11   Between December 2024 to July 2025, the parties filed three stipulations to extend the
12   deadlines for the fact discovery cut off, expert designation, supplemental expert designation, and
13   motion for class certification.  (ECF Nos. 20, 23, 58.)  The Court granted the stipulations.  (ECF
14   Nos. 21, 25, 59.)  On September 20, 2025, the parties filed a stipulation to extend the fact
15   discovery cut off to October 13, 2025 (ECF No. 71), and on October 6, 2025, the parties filed a
16   second stipulation to extend the fact discovery cut off to October 24, 2025 (ECF No. 73), which
17   the Court granted (ECF Nos. 72, 75).

18   On October 17, 2025, Plaintiff filed the instant ex parte application, seeking confirmation
19   that the expert disclosure deadline for class certification purposes is December 23, 2025 — 60
20   days after the close of class certification discovery — and the deadline for supplemental expert
21   designations is January 22, 2026 — 30 days after the initial expert disclosure.

22   **II.    STANDARD OF LAW**

23   In the instant case, the Amended Pretrial Scheduling Order provides that, pursuant to Rule
24   16(b), the order "shall not be modified except by leave of court upon a showing of good cause."
25   (ECF No. 8 at 6.)  Federal Rule of Civil Procedure ("Rule") 16(b) provides that the district court
26   must issue a scheduling order that limits "the time to join other parties, amend the pleadings,
27   complete discovery, and file motions."  Fed. R. Civ. P. 16(b)(3)(A).  A scheduling order "may be
28   modified only for good cause and with the judge's consent."  Fed. R. Civ. P. 16(b)(4).

The "good cause" standard "primarily considers the diligence of the party seeking the amendment," and the court "may modify the pretrial schedule if it cannot reasonably be met despite the diligence of the party seeking the extension." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992) (internal citation and quotations omitted). "The prejudice to opposing parties, if any, may provide additional grounds for denying the motion, but the focus is on the moving party's reason for seeking the modification." *Atayde v. Napa State Hosp.*, No. 116-CV-00398-DAD-SAB, 2020 WL 1046830, at *3 (E.D. Cal. Mar. 4, 2020), reconsideration denied, No. 116-CV-00398-DAD-SAB, 2020 WL 1937395 (E.D. Cal. Apr. 22, 2020).

### III.   ANALYSIS

Plaintiff argues the relief requested is supported by three bases, each of which constitute good cause. (ECF No. 78 at 2.) First, Plaintiff states she had a good faith understanding, supported by the Court's Amended Order, that the expert disclosure deadlines followed from the close of discovery. (*Id.*) Second, Plaintiff argues she will be significantly prejudiced without the requested relief because Plaintiff's experts will not be able to account for evidence expected to be obtained during a deposition currently set for October 22, 2025. (*Id.* at 3.) Plaintiff further argues Defendant will not be prejudiced because it has the privilege of already having access to the information. (*Id.*) Finally, Plaintiff contends Defendant's refusal to stipulate necessitated the filing of the instant application. In sum, Plaintiff reiterates she is not seeking to enlarge the time for expert disclosures but rather, seeking to maintain the timeframe initially set by the Court in its Amended Order. (*Id.*)

In opposition, Defendant argues Plaintiff's claimed urgency is entirely self-created as the parties have known about the expert disclosure deadline since July 21, 2025, and Plaintiff delayed addressing Defendant's objection to the second amended deposition notice. (ECF No. 79 at 9, 13.) Further, Defendant contends topics on which the upcoming witness is expected to testify do not involve information necessary for Plaintiff's expert report and therefore, cannot justify extending the expert designation deadline. (*Id.* at 10.) Defendant argues Plaintiff disregards that the Amended Order predates the Court's July 21, 2025 Order, which expressly set the fact discovery cut off to September 26, 2025 and the expert designation deadline to October 24, 2025.

3

1 (*Id.*) Finally, Defendant argues Plaintiff cannot establish that she would be irreparably prejudiced absent ex parte relief, and Defendant would be prejudiced if the application were granted. (*Id.* at 11–15.)

As previously stated, the Amended Order provides, pursuant to Rule 16(b), it "shall not be modified except by leave of court upon a showing of good cause." (ECF No. 8 at 6.) Here, the Amended Order was modified several times by the Court. (ECF Nos. 21, 25, 59, 72, 75.) The Court's July 21, 2025 Order expressly set the fact discovery cut off to September 26, 2025 and the expert designation deadline to October 24, 2025. (ECF No. 59.) Thereafter, on October 7, 2025, based on the parties' stipulation, the fact discovery cut off deadline was extended to October 24, 2025, for the sole purpose of conducting a deposition of Defendant's 30(b)(6) witness. (ECF No. 75.) The expert designation deadline, however, was not modified after the July 21, 2025 Order. Accordingly, the parties' deadline for expert designation is October 24, 2025. (ECF No. 59.)

Plaintiff was mistaken in her belief that the Court's October 7, 2025 Order triggered an extension of other deadlines not explicitly mentioned. While Plaintiff's mistake demonstrates a lack of attention to detail, the mistake was also reasonable given the parties' three prior stipulations, each which included a corresponding extension of the expert disclosure deadlines. Had Defendant intended to foreclose the option of an extension of the expert disclosure deadlines by the October 7, 2025 stipulation, it could have clearly stated as much and avoided this issue altogether. Instead, Defendant appears now to attempt to capitalize on Plaintiff's oversight. Such is disfavored by the Court.

The Court finds good cause exists to modify the scheduling order. Plaintiff was diligent in promptly filing this application after attempts to reach a stipulated resolution with Defendant failed. Defendant will suffer minimal prejudice from a stay of scheduling order deadlines. Modification of the scheduling order also serves the interests of judicial economy and is consistent with the Court's inherent power to control its docket. *See United States v. W.R. Grace*, 526 F.3d 499, 509 (9th Cir. 2008) (citing *Atchison, Topeka & Santa Fe Ry. Co. v. Hercules Inc.*, 146 F.3d 1071, 1074 (9th Cir. 1998)).

Accordingly, the Court finds good cause exists to modify the scheduling order pursuant to Rule 16.  *See Johnson*, 975 F.2d at 609.

### IV. CONCLUSION

For all of these reasons, Plaintiff's Ex Parte Application is hereby GRANTED.  (ECF No. 78.)  The fact discovery and expert disclosure deadlines are extended as follows: the fact discovery cut off is October 24, 2025; the expert disclosure deadline for class certification purposes is December 23, 2025; and the deadline for supplemental expert designations is January 22, 2026.

IT IS SO ORDERED.

Date: October 23, 2025

_____
TROY L. NUNLEY
CHIEF UNITED STATES DISTRICT JUDGE