UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

FLOR JIMENEZ,

          Plaintiff,

    v.

HYATT CORPORATION,

          Defendant.

Case No. 2:23-cv-03028-TLN-CSK

ORDER RE: DEFENDANT'S MOTION TO RETAIN CONFIDENTIALITY

(ECF Nos. 90, 94)

Defendant Hyatt Corporation has moved to retain its confidentiality designations as to portions of the deposition transcript of its corporate representative, Najia Sabir. (ECF Nos. 90, 94, 104, 106.) On February 19, 2026, the Court held an informal discovery conference at which attorney Jessenia Martinez appeared for Plaintiff Flor Jimenez, and attorney Jonathan Marvisi appeared for Defendant. (ECF No. 95.) The Court vacated the March 10, 2026 hearing originally noticed for the motion pursuant to the parties' request to resolve the discovery dispute through the informal discovery resolution process. The parties were provided with the opportunity to submit supplemental briefs. (ECF No. 96.)

For the reasons that follow, the Court DENIES without prejudice Defendant's motion to retain its confidentiality designations.

///

1

## I.    BACKGROUND

The case background has been provided in previous orders, and is incorporated here by reference. The background provided here is limited to the discovery dispute at issue. *See* Def. Mot. (ECF No. 90); 2/17/2026 Joint Ltr Br (ECF No. 94); Def. Supp. Br. (ECF No. 104); 3/4/2026 Jonathan D. Marvisi Decl. (ECF No. 104-1); 3/4/2026 Najia Sabir Decl. (ECF No. 104-2); Pl. Supp. Br. (ECF No. 106).

Plaintiff and Hyatt submitted a proposed Stipulated Protective Order (ECF No. 32), which the Court approved and entered on April 8, 2025 (ECF No. 33).

On October 22, 2025, Plaintiff took the deposition of Hyatt's corporate representative, Najia Sabir, pursuant to Federal Rule of Civil Procedure 30(b)(6). During the deposition, Hyatt did not make its confidentiality designation on the record.

The next day, on October 23, 2025, defense counsel notified Plaintiff's counsel that Hyatt inadvertently failed to make its confidentiality designation on the record and would submit its specific confidentiality designations after receiving the deposition transcript. On November 4, 2025, Hyatt subsequently submitted its specific confidentiality designations. On November 20, 2025, Plaintiff challenged all of Hyatt's designations. After the parties met and conferred regarding their dispute, Hyatt submitted modified designations, narrowing its designations. The parties were not able to resolve their dispute and Hyatt filed its motion on January 28, 2026.

On February 19, 2026, the Court held an informal discovery conference as to Hyatt's request to compel Plaintiff's supplemental responses to Requests for Production ("RFP") Set Two and Hyatt's motion to retain confidentiality. (ECF No. 94.) At the parties' request to resolve the discovery dispute through the informal discovery resolution process, the Court vacated the March 10, 2026 hearing originally noticed for the motion and provided the parties with the opportunity to submit supplemental briefs limited to five (5) pages. (ECF No. 96.)

Due to either a miscommunication or misunderstanding, the parties submitted their supplemental briefs by e-mail rather than filing the briefs in the case docket, which

2

led to an inadvertent delay in addressing the motion. Requests for court action must be filed in the official court record for a case, and the parties were subsequently ordered to file their supplemental briefs. (*See* ECF No. 103.) As required, Hyatt separately submitted the entire deposition transcript at issue by e-mail. The parties filed their supplemental briefs on April 9, 2026 (ECF Nos. 104, 106), and briefing is now complete.

II.    **DISCUSSION**

A.    **Legal Standards**

Pursuant to Federal Rule of Civil Procedure 26, "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). "The party opposing disclosure has the burden of proving 'good cause,' which requires a showing 'that specific prejudice or harm will result' if the protective order is not granted." *In re Roman Cath. Archbishop of Portland in Oregon*, 661 F.3d 417, 424 (9th Cir. 2011) (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1130 (9th Cir. 2003)). The court need not making a finding of good cause before issuing a protective order when the parties stipulate to a protective order, as the parties do here. *See id*. When there is a stipulated protective order, the burden of proof remains with the party seeking protection (here, Hyatt). *See id*. (citing *Phillips v. Gen. Motors Corp.*, 307 F.3d 1206, 1211 n.1 (9th Cir. 2002)).

The court analyzes a motion to retain confidentiality designations pursuant to a stipulated protective order in two steps. First, the court "must determine whether particularized harm will result from disclosure of information to the public." *In re Roman Cath. Archbishop of Portland*, 661 F.3d at 424. Second, "if the court concludes that such harm will result from disclosure of the discovery documents, then it must proceed to balance the public and private interests to decide whether maintaining a protective order is necessary." *Id*. Where both factors weigh in favor of protection, the court must also consider whether redaction will allow disclosure. *Id*. at 425 (citing *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1136-37 (9th Cir. 2003)). In balancing the interests, courts examine the following factors: "(1) whether disclosure will violate any privacy

interests; (2) whether the information is being sought for a legitimate purpose or for an improper purpose; (3) whether disclosure of the information will cause a party embarrassment; (4) whether confidentiality is being sought over information important to public health and safety; (5) whether the sharing of information among litigants will promote fairness and efficiency; (6) whether a party benefitting from the order of confidentiality is a public entity or official; and (7) whether the case involves issues important to the public." *See id.* at 424, 424 n.5 (citing *Glenmede Trust Co. v. Thompson*, 56 F.3d 476, 483 (3d Cir. 1995)).

### B.   Analysis

As the party opposing disclosure, Hyatt has the burden to establish good cause, "which requires a showing 'that specific prejudice or harm will result' if the protective order is not granted." *In re Roman Cath. Archbishop*, 661 F.3d at 424 (quoting *Foltz*, 331 F.3d at 1130). Hyatt has failed to carry its burden because it does not make a showing of specific prejudice or harm that will result if the designated portions do not maintain their Confidential designation. Hyatt makes general statements of harm. The most detail provided regarding the potential harm is included within three sentences of the Sabir declaration, but even this is insufficient. *See* Sabir Decl. ¶ 7. This general description of harm also appears to be the explanation for all the designations. In addition, Hyatt primarily focuses on explaining why the designated portions of Sabir's deposition fall within the Stipulated Protective Order and that the designated portions are not public. Hyatt does not address the two-step analysis required.

The Court briefly addresses Plaintiff's argument that the designated information has been publicly disclosed. *See* Pl. Supp. Br. at 4-5. The Court rejects this argument as conclusory where Plaintiff fails to explain where and how this information was made public, and it is not clear to which document Plaintiff is referring where the only citation is "ECF No. 81:7."  The document at ECF No. 81 is Plaintiff's opposition to Hyatt's motion for sanctions, and page 7 of ECF No. 81 discusses Plaintiff's romantic relationship with a third party (Morones). It also confusingly appears that Plaintiff is claiming that Plaintiff

4

(not Hyatt) disclosed Confidential information that Hyatt asserts is subject to the Stipulated Protective Order, which if true, would be prohibited.

Finally, Plaintiff attempts to argue that Hyatt failed to follow the Stipulated Protective Order because it did not assert the designation on the record during the deposition as required by Section 5.2(b). *See* Pl. Supp. Opp. at 2. This argument fails. The Stipulated Protective Order includes an express provision for inadvertent failures to designate in Section 5.3, and it is undisputed that Hyatt notified Plaintiff the next day after the Sabir deposition of its inadvertent failure to designate on the record during the deposition. *See* Stip. Prot. Order § 5.3 (ECF No. 33).

It may very well be that some or all of the challenged designations truly warrant protection, but Hyatt has failed to carry its burden to establish good cause. The Court therefore DENIES WITHOUT PREJUDICE Hyatt's motion to retain its confidentiality designations. If Hyatt renews its motion, it must do so pursuant to Local Rule 251 rather than through the informal discovery dispute resolution process.

## III.    CONCLUSION

In conclusion, IT IS HEREBY ORDERED that Defendant Hyatt Corporation's motion to retain its confidentiality designations (ECF Nos. 90, 94) is DENIED without prejudice.

Dated:  April 13, 2026

_____
CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

csk/jime3028.23_ret.confid