Nathan D. Chapman (SBN 338735)
*nchapman@kcozlaw.com*
Jonathan D. Marvisi (SBN 319170)
*jmarvisi@kcozlaw.com*
**KABAT CHAPMAN & OZMER LLP**
707 Wilshire Blvd., Suite 4800
Los Angeles, California 90017
Telephone: (404) 400-7300
Facsimile: (404) 400-7333

*Attorneys f*or *Defendant Hyatt Corporation*

# UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FLOR JIMENEZ, individually and on behalf of all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> HYATT CORPORATION, a Delaware Corporation; and DOES 1 to 10, inclusive, <br><br> Defendants. | Case No.: 2:23-cv-03028-TLN-CSK <br><br> *Assigned to:* <br> *Hon. Troy L. Nunley, Courtroom 2, 15th Fl.* <br><br> **DEFENDANT HYATT CORPORATION'S NOTICE OF UNOPPOSED MOTION; UNOPPOSED MOTION TO DEEM EXPERT DISCLOSURES TIMELY FILED, OR, IN THE ALTERNATIVE, FOR RELIEF FROM THE SCHEDULING ORDER PURSUANT TO FED. R. CIV. P. 6(b)(1)(B); AND BRIEF IN SUPPORT** <br><br> Complaint filed:    December 28, 2023 <br><br> Hearing Date:    July 23, 2026 <br> Hearing Time:    2:00 p.m. <br> Hearing Place:    Courtroom 2, Floor 15 <br> Judge:    Magistrate Judge Nunley |

1

DEFENDANT HYATT CORPORATION'S MOTION TO DEEM EXPERT DISCLOSURES TIMELY FILED, OR, IN THE ALTERNATIVE, FOR RELIEF FROM THE SCHEDULING ORDER PURSUANT TO FED. R. CIV. P. 6(b)(1)(B)

**TO THE COURT AND ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that on July 23, 2026 at 2:00 p.m., or as soon thereafter as counsel may be heard, Defendant Hyatt Corporation ("Hyatt") will, and hereby does, move the Court, the Honorable Troy L. Nunley presiding, for an order deeming Defendant's expert disclosures, served on May 22, 2026 and filed on May 23, 2026 at approximately 4:28 a.m., timely filed and for relief from the operative scheduling order deadline pursuant to Federal Rule of Civil Procedure 6(b)(1)(B).

Hyatt brings this motion pursuant to Local Rules 144 and 230 of the United States District Court for the Eastern District of California.

This Motion is made on the grounds that the de minimis 4.5-hour delay in filing Hyatt's expert disclosures resulted directly from an unforeseeable family medical emergency—Hyatt's counsel's wife going into labor—entirely beyond the reasonable control of Hyatt's counsel, constituting "excusable neglect" under Federal Rule of Civil Procedure 6(b)(1)(B).  Plaintiff takes no position on Defendant's request and does not oppose the relief Defendant requests herein.

This Motion is based upon this Notice; the attached Memorandum of Points and Authorities; the Declaration of Nathan D. Chapman filed concurrently herewith; all pleadings, records, and files in this action; and such further argument and evidence as may be presented at or before the hearing.

Dated:  June 15, 2026

Respectfully submitted,
*/s/ Nathan D. Chapman*
Nathan D. Chapman
KABAT CHAPMAN & OZMER LLP
Attorneys for Defendant

DEFENDANT HYATT CORPORATION'S MOTION TO DEEM EXPERT DISCLOSURES TIMELY FILED, OR, IN THE ALTERNATIVE, FOR RELIEF FROM THE SCHEDULING ORDER PURSUANT TO FED. R. CIV. P. 6(b)(1)(B)

## TABLE OF CONTENTS

I.      FACTUAL BACKGROUND.............................................................................1

II.     LEGAL STANDARD ....................................................................................2

III.    ARGUMENT................................................................................................3

        A. All Four Factors Establish Excusable Neglect Under Rule 6(b)(1)(B) .....3

            1. No Cognizable Prejudice Exists to Plaintiff........................................3

            2. The De Minimis Delay Has No Impact on Proceedings.......................3

            3. The Unforeseeable Medical Emergency Was Beyond Counsel's
               Reasonable Control. ...........................................................................4

            4. Counsel Filed at 4:28 A.M. on the Next Day, Demonstrating
               Immediate Remedial Action and Good Faith.......................................4

IV.     CONCLUSION.............................................................................................5

DEFENDANT HYATT CORPORATION'S MOTION TO DEEM EXPERT DISCLOSURES
TIMELY FILED, OR, IN THE ALTERNATIVE, FOR RELIEF FROM THE SCHEDULING
ORDER PURSUANT TO FED. R. CIV. P. 6(b)(1)(B)

## MEMORANDUM OF POINTS AND AUTHORITIES

Defendant Hyatt Corporation ("Hyatt") respectfully moves this Court to deem its expert disclosures timely filed. The deadline for expert disclosures pursuant to Federal Rule of Civil Procedure 26(a)(2) was May 22, 2026. (ECF No. 111.) Hyatt's counsel timely *served* the disclosures on Plaintiff's counsel on that date; however, a sudden, unforeseeable family medical emergency—Hyatt's counsel's (Mr. Jonathan Marvisi's) wife going into labor unexpectedly—prevented counsel from *filing* the Court's electronic filing system submission later that day. When Hyatt's counsel (Mr. Nathan Chapman) learned the following morning that Mr. Marvisi's wife had gone into labor, he immediately filed the disclosures with the Court at approximately 4:28 a.m. on May 23, as soon as practicable. Hyatt requests that the Court deem its late filing timely and submits that the circumstances constitute "excusable neglect" under Federal Rule of Civil Procedure 6(b)(1)(B), warranting relief from the scheduling order deadline. Plaintiff has suffered no cognizable prejudice and does not oppose the relief requested herein. Hyatt's Motion should be granted.

## I.    FACTUAL BACKGROUND

The deadline for the parties to serve their expert disclosures pursuant to Federal Rule of Civil Procedure 26(a)(2) was May 22, 2026. (ECF No. 111.) Recently, the Court extended the deadline for supplemental class certification expert designations to August 21, 2026. (ECF No. 118).

On May 22, Hyatt completed and transmitted its expert disclosures to Plaintiff's counsel by electronic mail at approximately 5:04 p.m. PDT, thereby effectuating timely service upon Plaintiff. (Declaration of Nathan D. Chapman (hereinafter "Chapman Decl.") ¶ 5). However, before Mr. Marvisi could submit the disclosures through the Court's CM/ECF electronic filing system, his wife went into active, unexpected labor. (*Id.* ¶ 6).  Mr. Marvisi attempted to reach co-counsel,

DEFENDANT HYATT CORPORATION'S MOTION TO DEEM EXPERT DISCLOSURES TIMELY FILED, OR, IN THE ALTERNATIVE, FOR RELIEF FROM THE SCHEDULING ORDER PURSUANT TO FED. R. CIV. P. 6(b)(1)(B)

Nathan Chapman, but he was unable to reach Mr. Chapman before he had to attend to his wife. (*Id.* ¶ 7).

As a direct and proximate result of this emergency, Mr. Marvisi was unable to complete the CM/ECF filing before the close of business on May 22. (*Id.* ¶¶ 6-7). The following day, Hyatt's counsel (Mr. Chapman) learned of Mr. Marvisi's attempts to reach him and filed the disclosures through CM/ECF as soon as he learned about the issue at approximately 4:28 a.m. PDT on May 23—making the filing approximately 4.5 hours past the deadline. (*Id.* ¶¶ 8-10). On June 1, the parties conferred about the expert disclosures and upcoming deadline, and Plaintiff's counsel stated that Plaintiff takes no position on the relief sought in this Motion. (*Id.* ¶ 11).

## II.    LEGAL STANDARD

Federal Rule of Civil Procedure 6(b)(1)(B) provides that, when a filing deadline has passed, the Court may "for good cause, extend the time" upon a motion showing that the failure to act was "because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B). To determine what constitutes excusable neglect, courts apply four factors: (1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on judicial proceedings; (3) the reason for the delay, including whether it was within the reasonable control of the movant; and (4) whether the movant acted in good faith. *Ahanchian v. Xenon Pictures, Inc.,* 624 F.3d 1253, 1261 (9th Cir. 2010) (citing *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993)). No single factor is dispositive; the Court must evaluate all four equitably. *Lemoge v. United States,* 587 F.3d 1188, 1193-94 (9th Cir. 2009)

DEFENDANT HYATT CORPORATION'S MOTION TO DEEM EXPERT DISCLOSURES TIMELY FILED, OR, IN THE ALTERNATIVE, FOR RELIEF FROM THE SCHEDULING ORDER PURSUANT TO FED. R. CIV. P. 6(b)(1)(B)

## III.    ARGUMENT

### A.    All Four Factors Establish Excusable Neglect Under Rule 6(b)(1)(B)

Given the circumstances, Hyatt respectfully requests that the Court deem its expert disclosure filing timely and submits that Hyatt is entitled to relief under Rule 6(b)(1)(B) because all four *Ahanchian* factors weigh in its favor.

#### 1.    No Cognizable Prejudice Exists to Plaintiff.

The first factor is the danger of prejudice to the opposing party. *Ahanchian,* 624 F.3d at 1261. Here, there is none. Defendant served its complete expert disclosures on Plaintiff's counsel by electronic mail on May 22 at 5:04 p.m. PDT—the day of the deadline—in full compliance with the service requirements of Rule 26(a)(2). (Chapman Decl. ¶ 5) The CM/ECF filing at 4:28 a.m. PDT the next day was identical in content to what Plaintiff had already received. Plaintiff was therefore never deprived of the information to which Rule 26(a)(2) entitles it. (*Id.* ¶¶ 8-9).

Supplemental expert discovery remains scheduled through August 21, and the deadline to move for class certification has been extended to October 23. (ECF No. 118). Thus, Plaintiff has time to depose Hyatt's experts and serve rebuttal disclosures, and trial is not imminent. *Bennett*, 543 F. Supp. 3d at 804 (finding no prejudice where the other party "had adequate time" to respond to the untimely filing).

#### 2.    The De Minimis Delay Has No Impact on Proceedings.

The second *Ahanchian* factor considers the length of the delay and its impact on judicial proceedings. 624 F.3d at 1261. The CM/ECF filing was completed at 4:28 a.m. on the day after the deadline. (Chapman Decl. ¶ 8). A delay measured in hours and filed on a Saturday morning when offices are generally closed has no impact on this Court's docket or the schedule of this litigation.  Other courts have found *de minimis* delay when filed the day after a deadline. *See, e.g., Bennett*, 543 F. Supp. 3d at 804 ("[T]he length of the delay is minimal: the City filed its motion

3

DEFENDANT HYATT CORPORATION'S MOTION TO DEEM EXPERT DISCLOSURES TIMELY FILED, OR, IN THE ALTERNATIVE, FOR RELIEF FROM THE SCHEDULING ORDER PURSUANT TO FED. R. CIV. P. 6(b)(1)(B)

one day after the deadline expired."); *Ahanchian,* 624 F.3d at 1262 (finding no prejudice for three-day delay); *Bateman v. U.S. Postal Serv.*, 231 F.3d 1220, 1225 (9th Cir. 2000) (finding a delay of over a month "not long enough to justify denying relief").

### 3. The Unforeseeable Medical Emergency Was Beyond Counsel's Reasonable Control.

The third factor—the reason for the delay and whether it was within the movant's reasonable control—also weighs in Hyatt's favor. The Supreme Court has made clear that excusable neglect encompasses "intervening circumstances beyond the party's control." *Pioneer,* 507 U.S. at 391–92. Counsel's delay was the direct result of just such a circumstance: a sudden and unforeseeable family medical emergency prompted by his wife going into unexpected labor. (Chapman Decl. ¶ 6). Courts have recognized that genuine medical emergencies constitute excusable neglect and substantial justification for filing delays. *See Bennett,* 543 F. Supp. 3d at 804 (excusing delay due to counsel experiencing "the effects of a medical condition and caring for a sick family member"). Accordingly, this factor also weighs in Defendant's favor.

### 4. Counsel Filed at 4:28 A.M. on the Next Day, Demonstrating Immediate Remedial Action and Good Faith.

The fourth factor requires consideration of whether the movant acted in good faith. *Ahanchian*, 624 F.3d at 1261. Hyatt acted in good faith. The disclosures were served on May 22, 2026. When the CM/ECF submission could not be completed due to the emergency, counsel filed at 4:28 a.m.—at the first practicable opportunity. (Chapman Decl. ¶¶ 5-8). This measure demonstrates counsel's commitment to the Court's scheduling requirements and belies any suggestion of dilatory intent or strategic delay. (*Id.* ¶¶ 9-10). Therefore, this factor also weighs strongly in Hyatt's favor.

DEFENDANT HYATT CORPORATION'S MOTION TO DEEM EXPERT DISCLOSURES TIMELY FILED, OR, IN THE ALTERNATIVE, FOR RELIEF FROM THE SCHEDULING ORDER PURSUANT TO FED. R. CIV. P. 6(b)(1)(B)

Because Hyatt has demonstrated all four factors and Ninth Circuit courts recognize that exclusion of an expert report is an "extremely harsh remedy," the motion should be granted. *U.S. ex rel. O'Connell v. Chapman Univ.,* 245 F.R.D. 652, 655 (C.D. Cal. 2007); *see also Eitel v. McCool,* 782 F.2d 1470, 1472 (9th Cir. 1986) (recognizing the "strong policy" favoring resolution of cases on their merits).

## IV.   CONCLUSION

For the foregoing reasons, Hyatt respectfully requests that this Court issue an order deeming timely Hyatt's May 23, 2026 (at approximately 4:28 a.m. PDT) expert disclosure filing given that the brief filing delay (occasioned by Hyatt's counsel's family medical emergency) constitutes "excusable neglect" warranting relief from the scheduling order deadline under Federal Rule of Civil Procedure 6(b)(1)(B).

Dated:  June 12, 2026                    KABAT CHAPMAN & OZMER LLP

                                         By: */s/ Nathan D. Chapman*
                                         Nathan D. Chapman
                                         Jonathan D. Marvisi

                                         Attorneys for Defendant
                                         Hyatt Corporation

DEFENDANT HYATT CORPORATION'S MOTION TO DEEM EXPERT DISCLOSURES TIMELY FILED, OR, IN THE ALTERNATIVE, FOR RELIEF FROM THE SCHEDULING ORDER PURSUANT TO FED. R. CIV. P. 6(b)(1)(B)

## PROOF OF SERVICE

**U.S. DISTRICT COURT FOR THE EASTERN DISTRICT OF CALIFORNIA**

I am employed in the County of Los Angeles, State of California; I am over the age of 18 and not a party to the within action; my business address is 707 Wilshire Blvd., Suite 4800, Los Angeles, California 90017.

On June 15, 2026, I served the foregoing document(s) described as **DEFENDANT HYATT CORPORATION'S NOTICE OF MOTION; MOTION TO DEEM EXPERT DISCLOSURES TIMELY FILED, OR, IN THE ALTERNATIVE, FOR RELIEF FROM THE SCHEDULING ORDER PURSUANT TO FED. R. CIV. P. 6(b)(1)(B); AND BRIEF IN SUPPORT** on the interested parties to this action by delivering a copy thereof in a sealed envelope addressed to each of said interested parties at the following address(es): SEE ATTACHED LIST

☐ **(BY MAIL)** I am readily familiar with the business practice for collection and processing of correspondence for mailing with the United States Postal Service. This correspondence shall be deposited with the United States Postal Service this same day in the ordinary course of business at our Firm's office address in Los Angeles, CA. Service made pursuant to this paragraph, upon motion of a party served, shall be presumed invalid if the postal cancellation date of postage meter date on the envelope is more than one day after the date of deposit for mailing contained in this affidavit.

☒ **(BY ELECTRONIC SERVICE)** by causing the foregoing document(s) to be electronically filed using the Court's Electronic Filing System which constitutes service of the filed document(s) on the individual(s) listed on the attached mailing list.

☒ (Federal) I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.

Executed on June 15, 2026, at Los Angeles, California.

*/s/ Windy Thor*
Windy Thora

1

PROOF OF SERVICE

## <u>SERVICE LIST</u>

Thiago M. Coelho
Jennifer M. Leinbach
Jesenia A. Martinez
Jesse S. Chen
Lauren Lendzion
**WILSHIRE LAW FIRM, PLC**
660 S. Figueroa Street, Sky Lobby
Los Angeles, California 90017
*thiago@wilshirelawfirm.com*
*jleinbach@wilshirelawfirm.com*
*jesenia.martinez@wilshirelawfirm.com*
*jchen@wilshirelawfirm.com*
*lauren.lendzion@wilshirelawfirm.com*

*Attorneys for Plaintiffs and Proposed Class*

PROOF OF SERVICE